UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| QUANTEL LOTTS, | ) | |
| --- | --- | --- |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:07CV610 RWS |
| | ) | |
| JAMES PURKETT, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before me on the petition for writ of habeas corpus filed by petitioner Quantel Lotts. I referred this matter to United States Magistrate Judge Lewis M. Blanton for a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b). On January 26, 2010, Judge Blanton filed his recommendation that petitioner's habeas petition should be denied.

Petitioner objects to Judge Blanton's Report and Recommendation, and I have conducted a de novo review of all matters in the file relevant to the objections.

Petitioner first argues that Judge Blanton's analysis of the timeliness of his petition is wrong. In his objections, petitioner argues that, at a minimum, he is entitled to equitable tolling because the Eighth Circuit Court of Appeals changed

the law regarding the statute of limitations after his petition was already filed. In support of his argument, petitioner relies on the Eighth Circuit's decision in Riddle v. Kemna, 523 F.3d 850 (8th Cir. 2008). The equitable tolling argument was not raised before Judge Blanton, so his Report and Recommendation does not address this point. My review of petitioner's equitable tolling argument persuades me that petitioner may well be entitled to equitable tolling under Riddle and the subsequent Eighth Circuit cases applying Riddle to facts similar to the case at bar. However, even if I conclude that the petition is timely under the doctrine of equitable tolling, I still agree with Judge Blanton's reasoning that petitioner is not entitled to relief for the reasons stated in his Report and Recommendation. Therefore, I will sustain petitioner's objection with respect to the timeliness of his petition only as to the first four full sentences on page 11 of Judge Blanton's Report and Recommendation,[1] but I will adopt and sustain the remainder of Judge Blanton's Report and Recommendation. Therefore, like Judge Blanton did in Section III of his Report and Recommendation, I will assume that

---

[1] These four sentences state:

> Petitioner does not allege that any circumstances beyond his control caused him to file his petition late. Indeed, he offers no explanation for his delay. Accordingly, the petition is barred by the statute of limitations. The undersigned has already found that the petition is untimely.

petitioner's petition is timely and proceed to review the merits of petitioner's claims.

Petitioner next argues that Judge Blanton incorrectly decided the merits of his four grounds for relief. In his objections, petitioner restates the arguments he made in support of his habeas petition. Having reviewed the file, I agree with Judge Blanton's Report and Recommendation on all grounds raised in the petition. Judge Blanton correctly applied the governing law to the facts of petitioner's case and correctly concluded that petitioner is not entitled to habeas relief. Because I agree with Judge Blanton's analysis, I am overruling the remainder of petitioner's objections and adopting Judge Blanton's Report and Recommendation, except as stated above.

I have also considered whether to issue a certificate of appealability. To grant a certificate of appealability, the Court must find a substantial showing of the denial of a federal constitutional right. See Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) (citing Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994).

Petitioner has not made such a showing. Therefore, I will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation filed on January 26, 2010 [#32] is adopted and sustained, except for the following four sentences on page 11 of the Report and Recommendation:

> Petitioner does not allege that any circumstances beyond his control caused him to file his petition late. Indeed, he offers no explanation for his delay. Accordingly, the petition is barred by the statute of limitations. The undersigned has already found that the petition is untimely.

**IT IS FURTHER ORDERED** that petitioner's objections to the Report and Recommendation [#33] are granted only in part as set forth above, and denied in all other respects.

**IT IS FURTHER ORDERED** that Petitioner Quantel Lott's Amended Petition for Writ of Habeas Corpus [#31] is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of February, 2010.